IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NATESHA CLARK, KISHI WALKER, and SHARONDA MOLBROUGH,** individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ACCENTURE LLP** an Illinois Limited Liability Partnership,<br><br>Defendant. | Case No. 23 C 5451<br><br>Hon. LaShonda A. Hunt |

**ORDER APPROVING SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs Unopposed Motion and Incorporated Memorandum of Law for Collective Settlement Approval ("Motion for Settlement Approval"). After reviewing the Motion for Settlement Approval, the Court GRANTS the Motion for Settlement Approval and orders as follows:

**The Settlement Is Approved**

1. The Court approves and incorporates by reference all of the definitions contained in the Settlement Agreement and Release of Claims ("Agreement").

2. The Court certifies, for purposes of the Parties' Agreement, the following Settlement Collective: Named Plaintiffs, Opt-in Plaintiffs and any and all current and former CCSAs who were engaged through third party staffing firms to provide services to Defendant on the State of Massachusetts Health Connector, State of Michigan Department of Labor Unemployment, State of Kansas COVID-19 Contact Tracing, or State of New Mexico Health of Human Services projects in the United States between November 22, 2020 and January 28, 2024.

1

3.     The Court approves the $1,695,000.00 settlement as a fair and reasonable resolution of a bona fide dispute. Courts approve Fair Labor Standards Act ("FLSA") settlements when they are reached as a result of arm's-length negotiations to resolve bona fide disputes. *See, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010); *see also Butler v. Am. Cable & Telephone, LLC*, No. 09 Civ. 5336, 2011 WL 4729789, at *8-9 (N.D. Ill. Oct. 6, 2011); *Furman v. At Home Stores LLC*, No. 1:16-CV-08190, 2017 WL 1730995, at *1 (N.D. Ill. May 1, 2017). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Lynn's Food Stores*, 679 F.2d at 1354; *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *2 (N.D. Ind. Sept. 25, 2014). "It is a well settled principle that the law generally encourages settlements." *Dawson v. Pastrick*, 600 F.2d 70, 75 (7th Cir. 1979); *Castillo v. Noodles & Co.*, No. 16-CV-03036, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016).

4.     Here, the settlement meets the standard for approval. First, the settlement was the result of contested litigation. Defendant denied that it violated the FLSA or any other law. The settlement was the result of thorough investigation and substantial arm's-length negotiations with the assistance of an esteemed wage and hour mediator over disputed issues between counsel well versed in wage and hour law. Indeed, recognizing the uncertain legal and factual issues involved, the parties reached their settlement after attending a private mediation before an experienced mediator. Furthermore, the settlement amount of $1,695,000.00 provides significant compensation to Settlement Collective Members.

## The Settlement Procedure Is Approved

5.     A one-step settlement approval process is appropriate. *See, e.g., Prena v. BMO Fin. Corp.*, No. 15 Civ. 9175, 2015 WL 2344949, at *1 (N.D. Ill. May 15, 2015) (approving one-step

approval process); *Furman*, 2017 WL 1730995, at *1 (N.D. Ill. May 1, 2017). Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 class action. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA."). Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions. *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 1:15-CV-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013); *see also Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions). There is no need to require that the settlement provide for opt-outs or objections where individuals are not part of the settlement unless they decide to participate in it. *See Prena*, 2015 WL 2344949, at *1.

6. The Court approves the procedure outlined in the Agreement for the claims of Participating Plaintiffs. The settlement Notice attached to the Agreement is approved. The settlement Notice sufficiently informs the Settlement Collective of the terms of the settlement, including how they may participate, the allocation formula, the scope of the release, and the attorneys' fee award and litigation costs. *See Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, 2016 WL 5109196, at *2 (N.D. Ill. Sept. 16, 2016) (approving class notice that, *inter alia*, described settlement terms and fee allocation); *Zolkos v. Scriptfleet, Inc.*, 2014 WL 7011819, at *6 (N.D. Ill. Dec. 12, 2014) (same); *Tobin v. Beer Capitol Distributing Inc.*, 2012 WL 5197976, at *3 (E.D. Wis. Oct. 19, 2012) (same).

7. The plan for sending the Notice and Claim Forms as proposed by the Parties' in the Agreement is approved.

**The Collective Representative Service Awards Are Approved**

8. The Collective Representative Service Awards of $5,000.00 to each of the Named Plaintiffs (totaling $15,000.00) are approved. The amount shall be paid from the Total Settlement Amount. Plaintiffs in class and collective actions play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny. *Briggs*, 2016 WL 7018566, at *2 (N.D. Ill. Nov. 29, 2016). "Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). This is especially true in employment litigation. Briggs, WL 7018566, at *2 (N.D. Ill. Nov. 29, 2016), *citing Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 25, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.")

9. Incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs. *See, e.g., Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 876-77 (7th Cir. 2012); *Furman*, 2017 WL 1730995, at *2 (N.D. Ill. May 1, 2017) (same).

10. In determining whether a service award is reasonable, courts consider: "(1) the actions the plaintiffs have taken to protect the interests of the class, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiffs expended

4

in pursuing the litigation." *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, 2012 WL 651727, at *16 (N.D. Ill. Feb. 28, 2012). Plaintiffs' requests for $5,000 Collective Representative Service Awards are more than reasonable given the substantial recovery they made possible for the Settlement Collective. Named Plaintiffs made this recovery possible by assisting Plaintiffs' Counsel in investigating the claims in this case, preparing for and participating in the mediation, and filing this lawsuit using their own names. The Named Plaintiffs undertook substantial direct and indirect risk that, "should the lawsuit fail, [they could] find [themselves] liable for the defendant's costs or even, if the suit is held to have been frivolous, for the defendant's attorneys' fees." *Epenscheid*, 688 F.3d at 876-77.

11. Courts in the Northern District of Illinois routinely award larger service payments to named plaintiffs who perform similar actions to recover settlement funds on behalf of similarly situated employees in collective actions. *Furman v. At Home Stores LLC*, No. 1:16-CV-08190, 2017 WL 1730995 (N.D. Ill. May 1, 2017), at *3 (approving $10,000 service award to named plaintiff in overtime collective action); *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 1:15-CV-10447, 2016 WL 7018566, at *2 (approving $12,500 service awards to named plaintiff in overtime collective action); *Castillo*, 2016 WL 7451626, at *2 (approving $10,000 service awards to named plaintiff in overtime collective action); *Koszyk*, 2016 WL 5109196, at *2 (same); *Brewer v. Molina Healthcare, Inc.*, No. 1:16-CV-09523, 2018 WL 2966956, at *2 (N.D. Ill. June 12, 2018) (awarding service awards between $3,000 to $7,500).

5

**Fees and Costs of the Settlement Administrator and Attorneys Are Approved**

12.     The Court approves the appointment of ILYM, Inc. as the Settlement Claims Administrator and approves its fees and costs from the Gross Settlement Amount of up to $50,000.00 to administer the settlement.

13.     The Court grants Plaintiffs' Counsel's request for one-third of the $1,695,000.00 Common Fund ($565,000.00) as reasonable attorneys' fees.

14.     Courts in the Northern District of Illinois routinely approve one-third of the settlement fund as attorneys' fees in FLSA collective actions. *See, e.g., Castillo*, 2016 WL 7451626, at *3-4 (awarding one-third of a $3,000,000 settlement fund in FLSA overtime action); *Furman*, 2017 WL 1730995, at *3-4 (awarding one-third of $990,000 settlement fund in FLSA overtime action); *Briggs*, 2016 WL 7018566, at *3-4 (awarding one-third of $2,000,000 settlement fund in FLSA overtime action); *Koszyk*, 2016 WL 5109196, at *3-4 (awarding one-third of $2,825,000 settlement fund in FLSA overtime case). The Seventh Circuit has instructed district courts to award attorneys' fees that approximate the market rate. *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). One-third of the total settlement fund is consistent with market rate in the Northern District of Illinois charged by experienced plaintiffs' counsel in contingent-fee wage and hour class and collective actions. *Castillo*, 2016 WL 7451626, at *3-4; *Furman*, 2017 WL 1730995, at *3-4; *Briggs*, 2016 WL 7018566, at *3-4; *Koszyk*, 2016 WL 5109196, at *3-4; *Brewer* 2018 WL 2966956 (N.D. Ill. June 12, 2018); *Kujat v. Roundy's Supermarkets Inc.*, No. 1:18-CV-05326, 2021 WL 4551198, at *3 (N.D. Ill. Aug. 11, 2021). Thus, Plaintiffs' requested attorney fees are consistent with the market rate.

15.     Here, Plaintiffs' Counsel entered into a contingent fee agreement with Plaintiffs that provides for a recovery of attorneys' fees equal to forty percent of the settlement fund. This further

reinforces the appropriateness of the one-third fee award, *In re Synthroid*, 264 F.3d at 718, 720, because the Plaintiffs contracted for Plaintiffs' Counsel to be compensated in amount greater than attorney's fees that Plaintiffs' Counsel now seek. *See In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 844-45 (N.D. Ill. 2015). Thus, the Court knows what private plaintiffs "would have negotiated with their lawyers, had bargaining occurred at the outset of the case (that is, when the risk of loss still existed)," *In re Synthroid*, 264 F.3d at 718, 720, because the Named Plaintiffs contracted for Plaintiffs' Counsel to be compensated with the amount Plaintiffs' Counsel now seek, *see In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 844-45 (N.D. Ill. 2015) (stating "presumption of market-rate reasonableness" would have attached if parties had "established[ed] a fee structure at the outset of [the] lawsuit"). *See also*, *Briggs* at *4 (N.D. Ill. Nov. 29, 2016)(same); *Kujat,* 2021 WL 4551198, at *4 (N.D. Ill. Aug. 11, 2021)(same).

16. In awarding attorneys' fees, courts ultimately "must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid*, 264 F.3d at 718. District courts must "undertake an analysis of the terms to which the private plaintiffs and their attorneys would have contracted at the outset of the litigation when the risk of loss still existed." *Sutton*, 504 F.3d at 692. They must "do their best to recreate the market by considering factors such as actual fee contracts that were privately negotiated for similar litigation, [and] information from other cases ...." *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005).

17. Plaintiffs' Counsel's decision to charge the market rate is also reasonable in light of the significant risks of nonpayment that Plaintiffs' Counsel faced. At the outset of the litigation, Plaintiff's Counsel took "on a significant degree of risk of nonpayment" in agreeing to represent the Named Plaintiffs. *Taubenfeld*, 415 F.3d at 600 (approving of district court's reliance on this

7

factor in evaluating attorneys' fees). Plaintiffs' Counsel took this case on a contingent basis, meaning that there was a strong risk that they would not be paid. *See Sutton*, 504 F.3d at 693-94 ("We recognized [in an earlier case] that there is generally some degree of risk that attorneys will receive no fee (or at least not the fee that reflects their efforts) when representing a class because their fee is linked to the success of the suit."). Plaintiffs' Counsel also faced significant legal hurdles in establishing certification and proving liability. As the Seventh Circuit has noted, Plaintiffs' Counsel "could have lost everything" they invested. *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992) (Posner, J.).

18. Plaintiffs' Counsel's request for reimbursement of up to Fifteen Thousand Dollars ($15,000.00) in actual out-of-pocket expenses incurred in prosecuting this case, including costs for case-related travel, electronic research, court fees, working meals, travel, lodging, expert fees, and Plaintiffs' portion of the mediator's fees, is granted. The Court finds these costs to be reasonably incurred.

### Dismissal and Post-Judgment Procedure

19. The Court will retain jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement, including for overseeing the distribution of settlement funds.

20. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

21. The case is hereby dismissed without prejudice with leave to reinstate within thirty (30) days after the Individual Settlement Payments are issued to Participating Plaintiffs. If the case is not reinstated, then the dismissal will automatically convert to a dismissal with prejudice. The Effective Date for purposes of the Agreement shall be thirty (30) days after the date of this order,

unless the order is appealed within that 30-day period, in which case the Effective Date will be the date upon which the appeal is denied.

**DATED**: June 27, 2024                  **ENTERED**:

*LaShonda A. Hunt*

LaSHONDA A. HUNT
United States District Judge